IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

SHANNON FERRARI, ) Case No.: 2:17-CV-412-MHT-GMB
)
Plaintiff, ) **COMPLAINT**
)
vs. )
)
ARONOV REALTY MANAGEMENT, INC. ) **Jury Trial Demanded**
)
Defendant. )
)
)

COMES NOW Shannon Ferrari and submits the following claims against the Aronov Realty Management, Inc.:

## PARTIES

1.  The defendant, Aronov Realty Management, Inc., is a corporation organized and existing under the laws of the State of Alabama. As such, Defendant is a "person" as defined by 42 U.S.C. § 2000e(a). Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111.

2.  The plaintiff, Shannon Ferrari, is an adult resident of the state of Alabama. Shannon Ferrari is a female and suffers from a disability. At all times material hereto, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 2000e(f). At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 12111.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this claim and the litigation thereof pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 42 U.S.C. § 2000e-5(f)(3).

4.     The defendant in this action has its primary office in the Middle District of Alabama. The unlawful employment practices complained of herein occurred within the Middle District of Alabama, making venue proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391.

## STATEMENT OF FACTS

5.     Ms. Shannon Ferrari is a female and suffers from severe ulcerative colitis. Ferrari was employed by Aronov Realty Management, Inc. as an administrative assistant and worked under the direct supervision of Zack Rolen.

6.     Ferrari was hired by Aronov on or about June 4, 2012. In May, 2013 Ferrari was diagnosed with severe ulcerative colitis. Her condition substantially limits one or more of her daily life activities; it requires that she remain near bathroom facilities and interrupt life activities more frequently than most. Ferrari is also perceived as being disabled by Zack Rolen. Ferrari was able to perform the essential functions of her job with reasonable accommodation; she requested and was allowed to make frequent and unscheduled trips to the bathroom when necessary, and she was granted some leniency when her condition caused her to be late for work. These accommodations were granted by Rusty Terry.

7.     After informing Rolen that she had ulcerative colitis, Rolen made repeated demeaning remarks about her condition; Role repeatedly made comments about Ferrari eating unhealthy foods, drinking alcohol, or otherwise causing her condition. Rolen continually nagged Ferrari about what she had eaten that day, even after she explained to him that diet was not a cause or contributing factor to her disease. Rolen ridiculed Ferrari when she had to make emergency trips to the bathroom or did not make it to the bathroom in time.

8. Ferrari's disability caused her to be hospitalized in November of 2015. She had contracted an infection secondary to her disease. Upon her return to work Rolen ostracized Ferrari and made comments about not wanting to catch what she had. Rolen hid a camera on a filing cabinet adjacent to Ferrari's desk and lied about it; he became increasingly agitated over small issues, and he began not allowing her to take lunch breaks at reasonable times. Ferrari was required many times to wait until late in the afternoon before she was allowed to take a lunch break.

9. In mid-2016 Rolen decided to hire a replacement for Ferrari's position and transfer Ferrari to Cindy Wylie's position. Wylie's primary administrative role was to draft leases all day. Ferrari told Rolen that she could not perform that job because of her disability and had provided letters requesting reasonable accommodations from her physicians. Rolen ignored Ferrari and statements from her physicians, for the purpose of forcing her resignation.

10. During her tenure, Rolen made comments to and within earshot of Ferrari regarding his gender bias. Among others, Rolen told Ferrari that "[his] wife and daughter would accuse [him] of being a male chauvinist, but [he] believed that a woman's place is home taking care of her kids." On May 12, 2016, Rolen told Ferrari that, "Women are more vain that men. It's just a fact."

11. Ferrari witnessed and was directed to participate in treating other women disparately. On at least one occasion, she was instructed by Rolen to "track" the cell phone of Leslie Zeanah, the sole female leasing agent. She was asked on a number of occasions to relate to Rolen or check on Zeanah's whereabouts. She was never asked to keep track of the male leasing agents.

12. On August 18, 2016, being unable to fulfill the challenges and responsibilities of her new position and endure continued harassment, Ferrari was forced to resign.

13. Plaintiff has exhausted her administrative remedies by filing a charge with and receiving a determination letter from the EEOC.

## COUNT I

### Title VII Gender Discrimination

14. Plaintiff was at all time material hereto qualified for her position as an administrative assistant. Plaintiff is a member of a protected classification; she is female. Plaintiff was continually subjected to unwelcome and unwanted harassed by Zack Rolen; the harassment on the basis of Plaintiff's sex; and the harassment was sufficiently severe and pervasive so as to alter the terms and condition of her employment. Plaintiff was constructively discharged on August 18, 2016. Plaintiff's gender was the cause of her constructive discharge.

## COUNT II

### ADA Discrimination

15. Plaintiff was at all time material hereto qualified for her position as an administrative assistant. She suffers from a disability which substantially limits or impairs daily life activities; she suffers from ulcerative colitis. Plaintiff was treated less favorably than those without disabilities in that she was continually harassed and constructively discharged by Zack Rolen. This treatment was based upon her condition of disability or her perceived condition of disability.

## COUNT III

### ADA Discrimination

16.     Plaintiff was at all time material hereto qualified for her position as an administrative assistant. Plaintiff was treated disparately and suffered an adverse employment action when Zack Rolen transferred her to a position which he knew she either could not perform or would have great difficulty performing because of her disability.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff prays that this Honorable Court will assume jurisdiction over this action and enter a judgment against the defendant granting the following relief:

(a)     Finding that Defendant engaged in unlawful discrimination against Plaintiff in violation of 42 U.S.C. § 2000(e) et. seq. and/or 42 U.S.C. § 12112 et. eq.;

(b)     Awarding back-pay during all periods of employment from July 21, 2014 to the date of judgment in this case, including the value of all fringe benefits, as awardable by virtue of 42 U.S.C. § 2000e-5;

(c)     Front-pay beginning at the date of judgment and continuing until such time as Plaintiff can be expected to attain comparable or equivalent remunerative employment.

(d)     Compensatory damages for loss of pension benefits, retirement benefits, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and/or loss of enjoyment of life;

(e)     Pre-judgment interest;

(f)     Punitive or exemplary damages;

(g) Awarding back-pay or unpaid wages during all periods of employment from August 18, 2016 to the date of judgment in this case, including the value of all fringe benefits; any other awardable damages which the Court deems appropriate; and

(h) Attorney's fees and costs awardable under 42 U.S.C. § 2000e-5(k) and/or 42 U.S.C. § 12205.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

Respectfully submitted,

_____
Shannon Ferrari, *pro se*

3646 Sir Michael Drive
Montgomery, AL 36109
(334) 649-8333